# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY as subrogee of Joseph Michalcewicz,<br>One Tower Square<br>Hartford, CT 06183<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>OMEGA FLEX, INC.<br>451 Creamery Way<br>Exton, PA 19341<br><br>　　　　　　Defendants. | Civil Action No.: 9:14-cv-02778-DCN<br><br><br><br><br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

　　　　Plaintiff, The Phoenix Insurance Company (hereinafter "Phoenix"), by and through its undersigned attorneys, hereby avers the following by way of Complaint against the Defendant, Omega Flex, Inc.:

## THE PARTIES

　　　　1.　　Phoenix is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at One Tower Square, Hartford, Connecticut, 06183.

　　　　2.　　At all material times, Phoenix was duly authorized to issue policies of insurance in the State of South Carolina, and provided insurance to Joseph Michalcewicz (hereinafter "Plaintiff's Insured") pursuant to policy no 0FV937- 977168857- 633- 1 (hereinafter the "Policy").

3. At all material times, Plaintiff's Insured owned a property in Beaufort County at 107 Cedar Lane, Hilton Head, South Carolina (hereinafter the "Property").

4. Defendant Omega Flex, Inc. (hereinafter "Omega Flex") is, upon information and belief, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 451 Creamery Way, Exton, Pennsylvania 19341.

5. At all material times, Omega Flex was in the business of designing, manufacturing and distributing corrugated stainless steel tubing for gas distribution applications under the brand name TracPipe (hereinafter "CSST").

## JURISDICTION

6. The plaintiff is a citizen of a different state than the defendant.

7. The amount in controversy in this matter exceeds the value of $75,000, exclusive of interest and costs.

8. The United States District Court has jurisdiction over this matter based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

## VENUE

9. Pursuant to 28 U.S.C. §1391, venue is proper in the United States District Court for the District of South Carolina because it is the judicial district within which a substantial part of the events giving rise to the plaintiff's claim occurred, and the real property where the subject fire occurred is located in Beaufort, South Carolina.

## BACKGROUND

10. At the time of the fire on July 14, 2011, Plaintiff's Insured owned the Property.

11.     During the renovation of the home, TracPipe brand CSST, which was manufactured by Defendant Omega Flex, was installed in the home at the Property.

12.     On or about July 14, 2011, a lightning strike occurred at or near the Property and the CSST failed, resulting in a hole in the CSST.

13.     The failure of the CSST allowed propane gas to escape from the CSST, resulting in a substantial fire that spread to the rest of the Property (hereinafter "the Fire").

14.     As a result of the Fire, Plaintiff's Insured suffered significant damage to the Property and its contents and sustained losses in excess of $75,000.00.

15.     Pursuant to the Policy, Phoenix has made payments to or on behalf of Plaintiff's Insured in excess of $75,000.

16.     Phoenix is contractually, legally and equitably subrogated to the rights of recovery of Plaintiff's Insured to the extent of any payments.

WHEREFORE, Plaintiff, The Phoenix Insurance Company demands judgment against Omega Flex, Inc. in an amount in excess of $75,000.00, plus court costs, attorneys fees and other such and further relief as this Honorable Court deems just and proper.

### FIRST CAUSE OF ACTION: NEGLIGENCE
**Phoenix v. Omega Flex**

17.     Plaintiff reiterates and realleges the preceding paragraphs as if fully rewritten and restated herein at length.

18.     Defendant Omega Flex owed Plaintiff's Insured a duty to exercise reasonable care in connection with the manufacture, design and/or engineering of the CSST, selection of materials utilized in CSST, manufacture and/or assembly of the CSST, inspection and/or testing of the CSST, packaging of the CSST, marketing, sale and/or distribution of the CSST and/or placing the CSST into the stream of commerce.

19. Defendant Omega Flex also owed a duty to exercise reasonable care to ensure that the CSST was reasonably fit for the purpose for which it was intended to be used.

20. Defendant Omega Flex also owed a duty to provide reasonable and adequate instructions with respect to the conditions and methods of utilizing CSST safely, since danger of fire was reasonably foreseeable when CSST was used in the manner in which it was intended to be used.

21. Defendant Omega Flex, by and through its employees and/or duly authorized agents, acting in the course and scope of their employment and/or agency, breached the foregoing duties by acting in a negligent and/or careless manner, including, but not limited to, the following acts and/or omissions:

    a. Designing, manufacturing and/or engineering the CSST, selecting materials utilized in CSST, manufacturing and/or assembling the CSST, inspecting and/or testing the CSST, packaging the CSST, marketing, selling and/or distributing the CSST and/or placing the CSST into the stream of commerce;

    b. Failing to observe and exercise a reasonable degree of care and skill in the design, manufacture and/or engineering of the CSST, selection of materials utilized in CSST, manufacture and/or assembly of the CSST, inspection and/or testing of the CSST, packaging of the CSST, marketing, sale and/or distribution of the CSST and/or placing the CSST into the stream of commerce;

    c. Failing to design, manufacture and/or engineer the CSST, select materials utilized in CSST, manufacture and/or assemble the CSST, inspect and/or test the CSST, package the CSST, market, sell and/or distribute the CSST and/or place

4

the CSST into the stream of commerce so that it was safe and fit for its intended use;

d.      Failing to ensure that the CSST could withstand reasonably anticipated levels of electrical activity generated by lightning strikes;

e.      Failing to implement appropriate bonding, grounding or other procedures in connection with the installation of the CSST;

f.      Failing to warn that the CSST was defective and its use could result in a fire;

g.      Failing to properly train and/or supervise its employees, agents, servants, contractors and/or other representatives in the design, manufacture and/or engineering of the CSST, selection of materials utilized in CSST, manufacture and/or assembly of the CSST, inspection and/or testing of the CSST, packaging of the CSST, marketing, sale and/or distribution of the CSST and/or placing the CSST into the stream of commerce so that the CSST was safe and free from risk of fire;

h.      Utilizing engineers, designers, laborers, consultants, contractors and/or employees that Defendant Omega Flex knew, or in the exercise of due care, should have known, were not properly trained to design, manufacture and/or engineer the CSST, select materials to be utilized in CSST, manufacture and/or assemble the CSST, inspect and/or test the CSST, package the CSST, market, sell and/or distribute the CSST and/or place the CSST into the stream of commerce;

i.      Failing to design, manufacture and/or engineer the CSST, select materials to be utilized in CSST, manufacture and/or assemble the CSST, inspect and/or test

5

the CSST, package the CSST, market, sell and/or distribute the CSST and/or place the CSST into the stream of commerce in accordance with local, state and/or federal statutes and/or other recognized and/or applicable codes, laws, rules, regulations and/or other requirements;

j.   Failing to discover, repair and/or correct the defect(s) and/or deficiency(ies) in the design, manufacture and/or engineering of the CSST, selection of materials utilized in CSST, manufacture and/or assembly of the CSST, inspection and/or testing of the CSST, packaging of the CSST, marketing, sale and/or distribution of the CSST and/or placement of the CSST into the stream of commerce, which may have caused the CSST to fail in the course of its normal and/or intended use;

k.   Failing to design and/or engineer the CSST, select materials to be utilized in CSST, manufacture and/or assemble the CSST, inspect and/or test the CSST, package the CSST, market, sell and/or distribute the CSST and/or place the CSST into the stream of commerce in such a way as to not create a foreseeable risk of harm to persons and/or property;

l.   Failing to ensure that installers of TracPipe CSST were knowledgeable of its complete installation requirements;

m.   Failing to provide proper instructions on bonding of TracPipe CSST;

n.   Failing to provide installers, distributors, salespeople and/or intended users with adequate instructions, warnings and/or other information concerning the defect(s) and/or deficiency(ies) that caused the CSST to fail in the course of its normal and intended use; and

o. Failing to properly design, manufacture and/or engineer the CSST, select materials to be utilized in CSST, manufacture and/or assemble the CSST, inspect and/or test the CSST, package the CSST, market, sell and/or distribute the CSST and/or place the CSST into the stream of commerce so as to ensure its safety and fitness for the particular purpose for which it was intended.

22. The July 14, 2011 Fire and resulting damages were the direct, proximate and foreseeable result of Defendant Omega Flex's negligence, gross negligence, carelessness and/or recklessness, as described above.

23. As a result of the July 14, 2011 Fire, Phoenix has made payments to or on behalf of Plaintiff's Insured in excess of $75,000.00 in accordance with the terms and conditions of the Policy, and is now subrogated to that extent.

WHEREFORE, Plaintiff, The Phoenix Insurance Company demands judgment against Omega Flex, Inc. in an amount in excess of $75,000.00, plus court costs, attorneys fees and other such and further relief as this Honorable Court deems just and proper.

## SECOND CAUSE OF ACTION: GROSS NEGLIGENCE/RECKLESSNESS
**Phoenix v. Omega Flex**

24. Plaintiff reiterates and realleges the preceding paragraphs as if fully rewritten and restated herein at length.

25. Defendant Omega Flex owed Plaintiff's Insured a duty to exercise reasonable care in connection with the manufacture, design and/or engineering of the CSST, selection of materials utilized in CSST, manufacture and/or assembly of the CSST, inspection and/or testing of the CSST, packaging of the CSST, marketing, sale and/or distribution of the CSST and/or placing the CSST into the stream of commerce.

26. Defendant Omega Flex also owed a duty to exercise reasonable care to ensure that the CSST was reasonably fit for the purpose for which it was intended to be used.

27. Defendant Omega Flex also owed a duty to provide reasonable and adequate instructions with respect to the conditions and methods of utilizing CSST safely, since danger of fire was reasonably foreseeable when CSST was used in the manner in which it was intended to be used.

28. Omega Flex knew that its TracPipe CSST could fail as a result of lightning in excess of 10 years prior to The Fire.

29. Omega Flex continued manufacturing and selling TracPipe CSST until 2011.

30. Omega Flex developed and sold CounterStrike and CounterStrike II prior to The Fire, which it marketed as more robust products with regards to damage from lightning.

31. Omega Flex never issued a recall for TracPipe CSST.

32. Prior to The Fire, Omega Flex never issued any warnings related to TracPipe CSST to Plaintiff's Insured.

33. Prior to The Fire, Omega Flex never warned installers of TracPipe CSST that TracPipe CSST could fail as a result of lightning.

34. Prior to The Fire, Omega Flex failed to provide proper instructions on bonding TracPipe CSST.

35. Omega Flex failed to ensure that installers of TracPipe CSST were knowledgeable of its complete installation requirements.

36. Omega Flex does not require electricians to obtain TracPipe CSST Certifications prior to working with TracPipe CSST.

37. Omega Flex knew that its TracPipe CSST could fail as a result of lightning prior to the time that TracPipe CSST was installed in the Property.

38. Defendant Omega Flex, by and through its employees and/or duly authorized agents, acting in the course and scope of their employment and/or agency, breached the foregoing duties by acting in a grossly negligent, reckless and/or careless manner, including, but not limited to, the following acts and/or omissions:

   a. Designing, manufacturing and/or engineering the CSST, selecting materials utilized in CSST, manufacturing and/or assembling the CSST, inspecting and/or testing the CSST, packaging the CSST, marketing, selling and/or distributing the CSST and/or placing the CSST into the stream of commerce;

   b. Failing to observe and exercise a reasonable degree of care and skill in the design, manufacture and/or engineering of the CSST, selection of materials utilized in CSST, manufacture and/or assembly of the CSST, inspection and/or testing of the CSST, packaging of the CSST, marketing, sale and/or distribution of the CSST and/or placing the CSST into the stream of commerce;

   c. Failing to design, manufacture and/or engineer the CSST, select materials utilized in CSST, manufacture and/or assemble the CSST, inspect and/or test the CSST, package the CSST, market, sell and/or distribute the CSST and/or place the CSST into the stream of commerce so that it was safe and fit for its intended use;

   d. Failing to ensure that the CSST could withstand reasonably anticipated levels of electrical activity generated by lightning strikes;

9

e.     Failing to implement appropriate bonding, grounding or other procedures in connection with the installation of the CSST;

f.     Failing to warn that the CSST was defective and its use could result in a fire;

g.     Failing to properly train and/or supervise its employees, agents, servants, contractors and/or other representatives in the design, manufacture and/or engineering of the CSST, selection of materials utilized in CSST, manufacture and/or assembly of the CSST, inspection and/or testing of the CSST, packaging of the CSST, marketing, sale and/or distribution of the CSST and/or placing the CSST into the stream of commerce so that the CSST was safe and free from risk of fire;

h.     Utilizing engineers, designers, laborers, consultants, contractors and/or employees that Defendant Omega Flex knew, or in the exercise of due care, should have known, were not properly trained to design, manufacture and/or engineer the CSST, select materials to be utilized in CSST, manufacture and/or assemble the CSST, inspect and/or test the CSST, package the CSST, market, sell and/or distribute the CSST and/or place the CSST into the stream of commerce;

i.     Failing to design, manufacture and/or engineer the CSST, select materials to be utilized in CSST, manufacture and/or assemble the CSST, inspect and/or test the CSST, package the CSST, market, sell and/or distribute the CSST and/or place the CSST into the stream of commerce in accordance with local, state and/or federal statutes and/or other recognized and/or applicable codes, laws, rules, regulations and/or other requirements;

j.      Failing to discover, repair and/or correct the defect(s) and/or deficiency(ies) in the design, manufacture and/or engineering of the CSST, selection of materials utilized in CSST, manufacture and/or assembly of the CSST, inspection and/or testing of the CSST, packaging of the CSST, marketing, sale and/or distribution of the CSST and/or placement of the CSST into the stream of commerce, which may have caused the CSST to fail in the course of its normal and/or intended use;

k.      Failing to design and/or engineer the CSST, select materials to be utilized in CSST, manufacture and/or assemble the CSST, inspect and/or test the CSST, package the CSST, market, sell and/or distribute the CSST and/or place the CSST into the stream of commerce in such a way as to not create a foreseeable risk of harm to persons and/or property;

l.      Failing to provide installers, distributors, salespeople and/or intended users with adequate instructions, warnings and/or other information concerning the defect(s) and/or deficiency(ies) that caused the CSST to fail in the course of its normal and intended use; and

39.     Failing to properly design, manufacture and/or engineer the CSST, select materials to be utilized in CSST, manufacture and/or assemble the CSST, inspect and/or test the CSST, package the CSST, market, sell and/or distribute the CSST and/or place the CSST into the stream of commerce so as to ensure its safety and fitness for the particular purpose for which it was intended.

40. The July 14, 2011 Fire and resulting damages were the direct, proximate and foreseeable result of Defendant Omega Flex's, gross negligence, carelessness and/or recklessness, as described above.

41. As a result of the July 14, 2011 Fire, Phoenix has made payments to or on behalf of Plaintiff's Insured in excess of $75,000.00 in accordance with the terms and conditions of the Policy, and is now subrogated to that extent.

WHEREFORE, Plaintiff, The Phoenix Insurance Company demands judgment against Omega Flex, Inc. in an amount in excess of $75,000.00, plus court costs, attorneys fees and other such and further relief as this Honorable Court deems just and proper.

### THIRD CAUSE OF ACTION: STRICT LIABILITY
**Phoenix v. Omega Flex**

42. Plaintiff reiterates and realleges the preceding paragraphs as if fully rewritten and restated herein at length.

43. Defendant Omega Flex was engaged in the business of designing, manufacturing and/or engineering CSST, selecting materials to be utilized in CSST, manufacturing and/or assembling CSST, inspecting and/or testing CSST, packaging CSST, marketing, selling and/or distributing CSST and/or placing CSST into the stream of commerce.

44. Defendant Omega Flex's TracPipe brand CSST was expected to, and did, reach Plaintiff's Insured's Property without substantial change in the condition it was in when it was sold by Omega Flex.

45. Defendant Omega Flex supplied the CSST in a defective condition that rendered it unreasonably dangerous to the end user, specifically, Plaintiff's Insured.

46. The CSST was defective in that it failed, released gas and caused a substantial fire.

47. Plaintiff's Insured utilized the CSST for the purpose(s) and in the manner for which it was intended and/or reasonably anticipated by Defendant Omega Flex.

48. Plaintiff's Insured could not, by the exercise of ordinary care, have anticipated or discovered the defect(s) and/or deficiency(ies) herein mentioned and/or perceived the danger inherent in the CSST.

49. The July 14, 2011 Fire and resulting damages were the result of:

   a. The manufacture and/or design defect in the CSST, as evidenced by the fact that it failed, leaked gas and resulted in a fire, existed when the CSST was sold and/or distributed to Plaintiff's Insured;

   b. Defendant Omega Flex's failure to incorporate a safety device into the CSST so as to render the CSST safe for use; and

   c. Defendant Omega Flex's failure to provide adequate warning of the serious and foreseeable risk of harm posed by the defective condition of the CSST.

50. The July 14, 2011 Fire and resulting damages were the direct, proximate and foreseeable result of the defective condition of the CSST, which rendered it unreasonably dangerous, as described above.

51. As a result of the July 14, 2011 Fire, Phoenix has made payments to or on behalf of Plaintiff's Insured in excess of $75,000.00 in accordance with the terms and conditions of the Policy, and is now subrogated to that extent.

WHEREFORE, Plaintiff, The Phoenix Insurance Company demands judgment against Omega Flex, Inc. in an amount in excess of $75,000.00, plus court costs, attorneys fees and other such and further relief as this Honorable Court deems just and proper.

## FOURTH CAUSE OF ACTION: BREACH OF WARRANTIES
### Phoenix v. Omega Flex

52. Plaintiff reiterates and realleges the preceding paragraphs as if fully rewritten and restated herein at length.

53. Defendant Omega Flex expressly and/or impliedly agreed to design, manufacture and/or engineer the CSST, select materials to be utilized in the CSST, manufacture and/or assemble the CSST, inspect and/or test the CSST, package the CSST, market, sell and/or distribute the CSST and/or place the CSST into the stream of commerce in a good and workmanlike manner, and in accordance with all relevant local, state and federal laws, rules, regulations and codes, as well as in accordance with all industry standards and trade practices.

54. The CSST was expected to, and did, reach Plaintiff's Insured in essentially the same condition as when it left Defendant Omega Flex's hands.

55. Defendant Omega Flex had reason to know of the particular purpose for which its CSST was required and/or intended to be utilized.

56. Defendant Omega Flex could reasonably expect that homeowners generally, and Plaintiff's Insured specifically, might utilize CSST for propane gas distribution in home renovation projects.

57. Defendant Omega Flex knew or had reason to know that consumers generally, and Plaintiff's Insured specifically, would rely on Defendant Omega Flex's skill and/or judgment to furnish suitable CSST.

58. Plaintiff's Insured relied on Defendant Omega Flex's express and/or implied representations that the CSST was safe and fit for its normal and intended use.

59. Plaintiff's Insured utilized the CSST in an ordinary and foreseeable manner and yet sustained damage when the fire occurred due to defects in the design, manufacture and/or engineering of the CSST, selection of materials to be utilized in CSST, manufacture and/or assembly of the CSST, inspection and/or testing of the CSST, packaging of the CSST, marketing, sale and/or distribution of the CSST and/or placement of the CSST into the stream of commerce, which caused damage to the Property.

60. Defendant Omega Flex designed, manufactured and/or engineered, selected materials to be utilized in the making of, manufactured and/or assembled, inspected and/or tested, packaged, marketed, sold and/or distributed and/or placed into the stream of commerce, CSST that was not of merchantable quality, in that it was not fit for the ordinary purpose for which it was intended, and was not adequately contained, packaged or labeled.

61. The CSST was not fit for the ordinary purpose for which it was intended, or the particular purpose for which it was required by Plaintiff's Insured, because it failed when lightning struck at or near the Property, released gas and ignited the Fire that caused significant damage to the Property.

62. The July 14, 2011 Fire and resulting damages were the direct, proximate and foreseeable result of Defendant Omega Flex's breach of warranties as averred above, the unmerchantable condition of the CSST and the unfitness of the CSST that was sold by Defendant Omega Flex.

63. As a result of the July 14, 2011 Fire, Phoenix has made payments to or on behalf of Plaintiff's Insured in excess of $75,000.00 in accordance with the terms and conditions of the Policy, and is now subrogated to that extent.

WHEREFORE, Plaintiff, The Phoenix Insurance Company demands judgment against Omega Flex, Inc. in an amount in excess of $75,000.00, plus court costs, attorneys fees and other such and further relief as this Honorable Court deems just and proper.

                                                           Respectfully submitted,

July 10, 2014                                            _s/ Paul E. Hammack_____
                                                           Paul E. Hammack, (Fed. #7675)
                                                           Attorneys for Plaintiff
                                                           CLAWSON AND STAUBES, LLC
                                                           223 W. Stone Avenue
                                                           Greenville, SC 29609
                                                           864-331-8940/Fax: 864-232-2921
                                                           E-mail: phammack@clawsonandstubes.com


                                                           OF COUNSEL (Pro Hac Vice Motion to be filed):

                                                           Thomas Paolini, Esquire
                                                           LAW OFFICES OF ROBERT A. STUTMAN, P.C.
                                                           20 East Taunton Road, Suite 403
                                                           Berlin, NJ 08009
                                                           Telephone: (856) 767-6800
                                                           Fax: (856) 767-6810
                                                           E-mail: paolinit@stutmanlaw.com